UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CR00309 SNLJ |
| | ) |
| JESSIE LEE HAMPTON, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES AMENDMENT 782 AND SENTENCE REDUCTION**

COMES NOW the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Tiffany G. Becker, Assistant United States Attorney for said District, and states as follows:

**Position**

The Government agrees that Amendment 782 reduced the guideline range applicable in this case, and therefore the Court may consider whether to reduce the sentence. Specifically, the base offense level for Counts I and III is now 16, pursuant to Section 2D1.1 as amended by Amendment 782, made retroactive by Section 1B1.10(d). When combined with the other guideline applications made earlier, as required by Section 1B1.10(b)(1), the final offense level for Counts I and III is 15. At the established criminal history category of III, this would result in a sentencing range of 24-30 months for Counts I and III. This is a reduction from the previously applied range of 30-37 months. Considering defendant's 60-month consecutive sentence on Count V, defendant would thus be eligible for a reduction of his aggregate sentence of 90 months to a term no lower than 84 months.

The Government does not oppose a reduction in the event that: (1) defendant's term of imprisonment be reduced to a term of **no lower than 84 months** to run consecutive to any sentence imposed in St. Louis, Missouri Circuit Court, Docket No. 1222-CR06356-01; and (2) the order expressly provide that defendant not be released prior to **November 1, 2015**.[1]

## Analysis & Authority

### I.     Authority to Reduce a Sentence

In Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, the Sentencing Commission lowered the penalties for most drug offenses by reducing most offense levels on the 2D1.1 Drug Quantity Table by two levels, and making related adjustments. In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. This authority derives from 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper

---

[1] Section 1B1.10(a)(3) states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Federal Rule of Criminal Procedure 43(b)(4) provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). *See Dillon v. United States*, 560 U.S. 817, 827-28 (2010) (observing that, under Rule 43(a)(3), a defendant need not be present at a proceeding under § 3582(c)(2) regarding the imposition of a sentencing modification).

2

procedure for implementing the amendment in a concluded case.[2]  The version of Section 1B1.10 applicable to sentencing reductions under Amendment 782 is effective on November 1, 2014. Application note 8 (2014) provides:  "the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."  Under Section 1B1.10: "In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." § 1B1.10(a)(1).

## II.     Procedure for Sentencing Reduction

### A.  Eligibility

A defendant is eligible for a sentencing reduction if Amendment 782 is applicable to the defendant and lowers the defendant's previously calculated guideline range, and if the defendant did not previously receive a sentence at or below the bottom of the now-amended range (other than due to substantial assistance).  Even if the defendant is eligible, a district court has discretion to deny a reduction.  Further, a proceeding under Section 3582(c)(2) is not a full

---

[2]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(d) (formerly § 1B1.10(c), prior to the 2014 amendments).  *See, e.g.*, *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997).

3

resentencing proceeding, § 1B1.10(a)(3), and does not permit reconsideration of other sentencing determinations not altered by the guideline amendment.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding.  The Court declared:  "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821.  The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing.  "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution.  § 1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

### B.  Limitations

The extent of the permissible reduction is strictly limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u); *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The SRA charges the Commission both with deciding whether to amend the Guidelines,

4

§ 994(o), and with determining whether and to what extent an amendment will be retroactive, § 994(u).  A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'").  "Subsection 1B1.10(b)(2)'s limitation on a district court's sentence-reduction authority is absolute."  *United States v. Jackson,* 751 F.3d 707, 711 (6th Cir. 2014).

The Commission directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence based on substantial assistance)**,** "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A).  An application note adds:  "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement.  Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range

5

determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3 (Nov. 1, 2011).[3] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." *Id.*

### III. Timing: Not Eligible for Release Before November 1, 2015

Amendment Section 1B1.10(e)(1), as added in Amendment 788 effective November 1, 2014, provides: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." A new application note 6 adds:

> A reduction based on retroactive application of Amendment 782 that does not comply with the requirement that the order take effect on November 1, 2015, or later is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2).

Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later.

### IV. Conclusion

Wherefore, subject to the conditions stated herein, the Government does not oppose the defendant's aggregate sentence being reduced to no lower than 84 months to run consecutive to any sentence imposed in St. Louis, Missouri Circuit Court, Docket No. 122-CR06356-01.

---

[3] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the term of imprisonment imposed was 70 months; and (3) the amended guideline range determined under subsection (b)(1) is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

§ 1B1.10 app. note 3.

6

        Respectfully submitted,

        RICHARD G. CALLAHAN
        United States Attorney

        */s/ Tiffany G. Becker*
        TIFFANY G. BECKER #46314 MO
        Assistant United States Attorney
        111 South 10th Street, Room 20.333
        St. Louis, Missouri 63102
        (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

        */s/ Tiffany G. Becker*
        TIFFANY G. BECKER #46314 MO
        Assistant United States Attorney